967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Edward BROWN, Defendant-Appellant.
 No. 90-10632.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1992.*
Decided June 10, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On May 16, 1990, the appellant, Dwayne E. Brown, was arrested on charges of making false statements in connection with an application for a United States passport. On June 29, 1990, bail was set by a magistrate at $10,000 and appellant was transferred from county jail to a halfway house. Appellant was unhappy at the halfway house and apparently quite distressed about his physical condition. Among other ailments, Brown alleges he is HIV positive. Brown left the halfway house on July 9, 1990. After Brown was returned to custody, the Government postponed the trial on the false statement charge and added to the indictment an escape violation.
 
 
 3
 At trial, appellant tried to establish a duress defense. Appellant was convicted on both the charge of making a false statement in connection with a passport application and with escape. Brown appeals his escape conviction. We affirm.
 
 
 4
 Brown first alleges that several documents were erroneously admitted at trial over hearsay objections. A district court's decision to admit evidence over a hearsay objection is reviewed for abuse of discretion. United States v. Moran, 759 F.2d 777, 786 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986). However, if any alleged error is harmless the court need not reach the issue. Id.; United States v. Martinez, 536 F.2d 886, 889 (9th Cir.), cert. denied, 429 U.S. 907 (1976).
 
 
 5
 It is unnecessary to decide "whether the ... [documents] were properly admitted because even if by hypothesis they were not their admission was harmless." United States v. Knigge, 832 F.2d 1100, 1108 (9th Cir.1987), amended, 846 F.2d 591 (9th Cir.1988). There is overwhelming evidence that corroborates the information in the documents. Brown himself testified that he left the halfway house without permission on July 9, 1990. Because Brown has not shown any prejudice from the alleged error, his conviction will not be reversed on this basis. See Moran, 759 F.2d at 786; Martinez, 536 F.2d at 889.
 
 
 6
 Brown also claims that the district court erred in refusing to allow him to reopen his case to present additional medical records. The trial court's decision whether to reopen a case is reviewed for abuse of discretion. United States v. Simtob, 901 F.2d 799, 804 (9th Cir.1990). The "inquiry on an appeal ... is whether the court's decision was based on a consideration of relevant factors, and whether a clear error of judgment has been made." Id. (citation omitted).
 
 
 7
 In this case, there was not an abuse of discretion. In his defense, Brown tried to establish that his conduct was the result of his concern over his medical condition. Brown testified at length about his state of mind in relation to his fear of dying. Our review of the record indicates that Brown fully developed this argument. The district court properly weighed the relevant factors. It was not an abuse of discretion for the district court to rule as it did.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3